Edward J. Mierzwa · Plaintiff, Pro Se
11 Brook Street · Hackensack, NJ 07601-1509
Tel: (201) 342-4840

UNITED STATES DISTRICT COURT · DISTRICT OF NJ

| | |
|---|---|
| Edward J. Mierzwa,<br><br>Plaintiff,<br><br>vs.<br><br>State of New Jersey,<br>City of Hackensack,<br><br>Defendant(s), | Civil Action No.<br><br>**Memorandum of Points and Authorities**<br><br>in Support of Ex. Parte Application by Plaintiff Seeking Relief Caused by the Intentional Acts of Official Misconduct Committed by Defendant's Superior Court of New Jersey and the City of Hackensack, New Jersey Police Department |

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2025 MAY 16  P 4:02

*Memorandum of Points and Authorities*
*Part 1 - Introduction*

On 05 May 2025, Plaintiff, Edward J. Mierzwa, became a Victim of Identity Theft; whereby, the Federal Trade Commission was duly notified and the next procedural step called for a Police Report to be generated with the police department of the municipality where the victim lives.

Plaintiff/Victim was rebuffed by the City of Hackensack, New Jersey Police Department on three occasions; a fourth attempt involved the Office of Prosecutor for the County of Bergen in New Jersey. A golden opportunity to have the officials verify Plaintiff/Victim identity and to transmit the Hackensack, NJ Police Department Fraud and Identity Theft Reporting Form to said party of interest was squandered.

On 09 May 2025 @ 10:49 AM, Plaintiff/Victim submitted via the JEDS electronic filing system, a Case Information Statement, Verified Complaint, Proof of Service and Proposed Order to Show Cause with the Superior Court of New Jersey, Vicinage of Bergen, all in good form. A filing fee of $250 plus the upcharge of $7.50 for using a credit card was remitted. As a first-time user of the current JEDS system, Plaintiff/Victim selected the Complaint dialogue block and the option for Chancery/General Equity Section.

Left alone was the Complaint w/OTSC option, as this Plaintiff/Victim was unaware of its meaning and was the correct choice for the filing. The computer software [JEDS] does not provide an explanation or help dialogue to differentiate the choices. Subsequently, the additional remittance was impossible to remedy at the cashier's window as the Law Division staffer informed Plaintiff that tendering payment must be performed through the JEDS software application. A filing deficiency notice was electronically mailed. It was stated that an additional $50 would be required. The JEDS software did not allow the Plaintiff to remedy the stated minor deficiencies, likely for reason that the case was not docketed. A second effort to resolve said deficiencies was initiated in the evening hours of Friday, 09 May 2025. A filing fee of $300 plus the upcharge of $9.00 for using a credit card was remitted. After a full business day to allow the staffers of the Superior Court of New Jersey to furnish a Docket Number to proceed with a hearing, it was confirmed that the Docket Number would not ready when the Plaintiff contacted the Court on 12 May 2025 shortly before 16:00. On 12 May 2024, Plaintiff retracted the filing fee remittance for reason of denial of the services of the Superior Court of New Jersey.

The pleadings of the Verified Complaint clearly stated the need for the court's intervention and was treated with great disdain by the staffers of the Vicinage of Bergen. Specifically, On 09 May 2025 @ 13:15, Plaintiff/Victim arrived at the courthouse, confirmation paper in hand, made inquiry at the caller window of the Chancery/General Equity Division as to the docket number and the judge assigned. The staffer took the printed copies of the submission and bickered that the matter belonged in the Criminal Division of the Superior Court of New Jersey; she took the court papers into Chambers for the purpose of wasting time [as the building vacates at 16:30]; and, without good cause or reason, the matter was transferred to the Law Division of the Superior Court of New Jersey by another colleague within the judiciary. There were more unreasonable delays when Plaintiff/Victim inquired at the caller window of the Law Division; here, it was finally pointed out that the filing fee was incorrect and a proposed Order for Judgment was needed along with a partially filled out Order to Show Cause. Plaintiff returned home, a short crosstown ride from the courthouse, and in a few minutes completed the feigned document deficiencies. Uploading and tendering the filing fee upcharge was a lengthy exercise in futility with the JEDS software; candidly characterized as not user friendly, no

documentation, unhelpful telephone support, software "tutorial" consisting of a sales type of product demo. Plaintiff wasted over an hour with this frustrating JEDS episode as the court closing time passed.

The summation of intentional criminalities by the state, county and local officials did deprive the Plaintiff of constitutional and legal rights, in violation of U.S.C. 18 § 242, all in an arrogant effort to thwart a sensitive topic, i.e. depriving a citizen's civil rights for access to the administrative services of a police department and a hearing before the Superior Court of New Jersey.

In furtherance of the controversies, the Clerk of the City Hackensack, New Jersey directly contributed to deny this Plaintiff of guaranteed Federal and State Civil Rights by rejecting the Tort Claim Notice filed on 08 May 2025 by the Plaintiff, citing that the "official form" was not made use of. In a letter, dated 09 May 2025, sent via USPS first class and CMRRR, Plaintiff received a packet of Tort Claim instructions and a blank "official form". It is the reasonable belief of Plaintiff that the City of Hackensack, New Jersey refuses to take responsibility regarding its errant employees.

A side-by-side comparison of the "official form" and the submitted document demonstrates that there is no need for alarm or the rejection of the Tort Claim. Specifically, during the preparation of the submission, the "official form" was present on the left side of the computer's monitor and the word processing software being displayed to the right. This split screen technique is useful for recreating the original together with the ability to furnish the requested response in a well-organized presentation, devoid of handwritten hieroglyphics.

Please note that on the tendered Tort Claim Notice that Plaintiff moved onto the next question when *not applicable* was the proper response and questions related to the not applicable status of the question were not transcribed.

Any reasonably minded man would be disturbed with these issues brought to light before the Court, evidencing the type of collusion that existing RICO statutes are designed for the purpose of being a "poison pill" for engaging in this crime.

*Memorandum of Points and Authorities*
*Part 2 - Factual and Procedural History*

For reason of the convoluted nature of the scandal, caused by the City of Hackensack, New Jersey and its employees, aided and abetted by the Superior Court of New Jersey; the best format to present the Factual and Procedural History is the "mark the calendar" and daily log approach referencing the Appendix. It is advised to view the JEDS material [pre-printing, pdf format] with a computer screen as details are lost for reason of the limitations of black/white printing of color documents.

## MAY 2025

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY Business Day | FRIDAY After Hours |
|---|---|---|---|---|---|---|
| 4 | 5 Identity Theft Incident  1a | 6 Hackensack Police Dept Inaction  2a | 7 Hackensack Police Dept Inaction & BC Prosecutor Contact  2a | 8 Tort Claim Filed & USDOJ Contact  10a;25a | 9 eFile for Show Cause Order [1] Court House Exchange [1]  29a; 32a; 37a; 41a; 42a; 43a; 44a | 9 eFile for Show Cause Order [2]  45a;46a;29a; 37a;41a;53a; 62a |
| 11 | 12 City Clerk mailing rec'd Court House Contact [2] Cancel CC transactions  64a; | 13 Chase Bank letter Chambers Contact [1]  47a;48a; | 14 JEDS manipulation by Superior Court Staffers  51a; 52a | 15 | 16 USDC filing date | |

Monday, 05 May 2025

Plaintiff became a Victim of Identity Theft; the Federal Trade Commission was notified; Transunion Credit Reporting Agency was notified and duly reported to the other two major credit agencies.

---

Tuesday, 06 May 2025

@ 15:30, Plaintiff/Victim was at the Hackensack, New Jersey Police Department for the purpose of filing an Identity Theft Report; was told to complete the forms in the given packet and return same when ready. Plaintiff/Victim returned 15 minutes later to submit. The front desk officer insisted that Plaintiff/Victim return in the wee hours of the morning to see the attending detective, as there was nobody on duty @ 15:45.

---

Wednesday, 07 May 2025

@ 12:00, Plaintiff/Victim was at the Hackensack, New Jersey Police Department for the purpose of filing the victim's portion of the Identity Theft Report; the front desk officer was flustered and angry that Plaintiff/Victim attempted to conduct official business.

Wednesday, 07 May 2025 (continued)

@ 12:30, Plaintiff/Victim was at the Office of the Bergen County Prosecutor, located in Hackensack, New Jersey; met with two officials seeking intervention regarding the matter.

Later that afternoon, while attending to errands, Post Traumatic Stress Disorder relapsed upon Plaintiff/Victim that was dormant. Plaintiff/Victim was able to reason that the matter must be split in two; the internal affairs of the Hackensack Police Department is to address its issues of systemic bias and that this Plaintiff/Victim will approach the Superior Court of New Jersey, Vicinage of Bergen for a court order, filed on an emergent basis, specifying that

> the Office of the Bergen County Prosecutor directly oversee and be in attendance in a public, non-governmental setting for the purpose of the meeting of all parties required to perform the duties required to complete the HPD Fraud/Identity Theft Report, at a mutually convenient time and place, all without costs to the Plaintiff;

all as a medical accommodation brought on by the personnel employed by the City of Hackensack, New Jersey.

*Thursday, 08 May 2025*

Plaintiff tendered a Tort Claim Notice with the City Clerk of Hackensack, New Jersey; USDOJ was contacted and in receipt of a copy of Tort Claim Notice.

---

*Friday, 09 May 2025*

@ 10:49 Plaintiff received an eFiling Confirmation from the Superior Court of New Jersey, reflecting the filing with the Chancery/General Equity section. Plaintiff sought to have a hearing during the afternoon session with the judge assigned to emergent matters. Staffers of the Court deliberately wasted time, subjected the Plaintiff/Victim with "wild goose chase" antics, i.e. lengthy telephone calls of no added value to the subject matter, reassigned the case from the Chancery/General Equity section to the Law section, sent Plaintiff/Victim away for reason of "filing deficiency" consisting of minor edits to a Show Cause Order and to generate an Order for Judgment, tasks that a law clerk on duty in the courtroom normally attends to. There was a fee payment shortfall of $50 that Plaintiff sought to remedy while being physically present in the courthouse. Plaintiff/Victim was instructed that the payment must be tendered via the JEDS court filing software.

*Friday, 09 May 2025 (continued)*

Plaintiff promptly went home and expended 15 minutes on the perceived "filing deficiencies". Between 14:45 and 16:30 Plaintiff commenced with eFiling process using the JEDS court filing software, unsuccessfully. Likely for reason that a Docket Number was not assigned; thus, causing the software to block this user from proceeding any further. Plaintiff rightly concluded that a fresh start was necessary with the documents being resubmitted together with the filing fee. Later that evening, Plaintiff accomplished this with reasonable expectations of a Show Cause Hearing on Monday, 12 May 2025.

---

*Monday, 12 May 2025*

@ 16:00 Plaintiff inquired of the Superior Court of New Jersey, as to the status of the filings of the prior business day. In the absence of progress, Plaintiff contacted the credit card issuer and took the prescribed steps for contesting disputed charges, citing lack of timely services by the Superior Court of New Jersey.

Tuesday, 13 May 2025

via e-mail, Plaintiff was notified by the Superior Court of New Jersey, that the filing application of Friday morning, 09 May 2025, was docketed. Plaintiff immediately recognized a deliberate attempt at a sham proceeding by the Superior Court of New Jersey, as the filing deficiencies and $50 in arrears were "remedied" by false entries into the JEDS court filing software committed by Staffers of the Superior Court of New Jersey. In a telephone call to Chambers of Judge Kelly, Plaintiff explained to the Law Clerk about having well-founded, grievous misgivings regarding the integrity of the Superior Court of New Jersey because of the discrepancies found within the JEDS software and the dubious interactions with court personnel. The Law Clerk insisted upon continuing with the Show Cause Hearing, with reckless disregard of the facts communicated by the Plaintiff. In an air of superiority, the Law Clerk attempted to arrogantly belittle this pro se filer.

During the subsequent hours of the day, the JEDS court filing system toggled between filed and not filed status.

*Wednesday, 14 May 2025*

During the subsequent hours of the day, the JEDS court filing system toggled between filed and not filed status. At the time of this writing, the not filed status remains.

---

*Friday, 14 May 2025*

USDC filing.

---

*Memorandum of Points and Authorities*
*Part 3 - Argument*

The papers submitted in support of this Ex. Parte Application by Plaintiff Seeking Relief Caused by the Intentional Acts of Official Misconduct Committed by Defendant's Superior Court of New Jersey and the employees of the City of Hackensack, New Jersey assert willful and wanton violations of: (a) **N.J.S.A. 2C:30-2**, New Jersey Official Misconduct Law; (b) **U.S.C. 18 § 242**, depriving the Plaintiff of constitutional and legal rights; (c) **RICO** Statutes.

*Memorandum of Points and Authorities*
*Part 4 - Conclusion*

As a result of the malevolent conduct of Defendant(s), having caused Plaintiff to suffer from: (a) trauma, renewed post-traumatic stress, anxieties and depression requiring psychiatric care; (b) Plaintiff has lost time from the ordinary pursuits in his life; (c) deprived spouse of necessary care for upcoming medical pre-op preparations. (d) injury to self-esteem and good name; (e) the exhaustive drain on time and energy for the purpose of obtaining an administrative police report.

For the reasons stated above, this Court should grant the ex. parte application with provisions for:

- the Office of the Bergen County Prosecutor directly oversee and be in attendance in a public, non-governmental setting for the purpose of the meeting of all parties required to perform the duties required to complete the HPD Fraud/Identity Theft Report, at a mutually convenient time and place, all without costs to the Plaintiff;
- promptly reimburse Plaintiff for costs of bringing this action against the Defendant;
- any further or other relief, i.e. City Clerk of Hackensack, New Jersey regarding the Tort Claim Notice, as the nature of the case may require, and as may be agreeable to equity and good conscience.

Respectfully submitted,

By: *[signature]*

Dated: 16 May 2025

Edward J. Mierzwa, Plaintiff