Edward J. Mierzwa · Plaintiff, Pro Se
11 Brook Street · Hackensack, NJ 07601-1509
Tel: (201) 342-4840

UNITED STATES DISTRICT COURT · DISTRICT OF NJ

| | |
|---|---|
| Edward J. Mierzwa,<br><br>Plaintiff,<br><br>vs.<br><br>State of New Jersey,<br>City of Hackensack,<br><br>Defendant(s), | Civil Action No.<br>2:25-cv-04620-ES-CLW<br>**Proof of Service** |

2025 MAY 27 P 2:01

I, the undersigned, hand carried the following documents on 23 May 2025: (1) Notice of Motion; (2) Letter Brief; (3) Proof of Service; to:

Clerk, USDC · District of NJ
50 Walnut Street · Newark, New Jersey 07101

State of New Jersey · Office of the Attorney General
124 Halsey Street · Newark, New Jersey 07101
*included documents in support of Ex. Parte application*

Cleary Giacobbe Alfieri Jacobs, LLC
169 Ramapo Valley Road · Oakland, New Jersey 07436
*via USPS First Class*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 23, 2025

By: Edward J. Mierzwa

Edward J. Mierzwa, Plaintiff

Edward J. Mierzwa · Plaintiff, Pro Se
11 Brook Street · Hackensack, NJ 07601-1509
Tel: (201) 342-4840

UNITED STATES DISTRICT COURT · DISTRICT OF NJ

---

Edward J. Mierzwa,

Plaintiff,

vs.

State of New Jersey,
City of Hackensack,

Defendant(s),

Civil Action No.

**Notice of**

Motion to Continue

2025 MAY 27 P 2:01

U.S. DISTRICT COURT CLERK
DISTRICT OF NEW JERSEY
RECEIVED

---

To: Office of the New Jersey Attorney General
Cleary Giacobbe Alfieri Jacobs, LLC
*representing the City of Hackensack, NJ*

Please Take Notice that on 04 August 2025, Movant, Edward J. Mierzwa, being the Plaintiff in the above referenced action, will move before the United States District Judge, to be assigned in this matter, seeking an Order to Continue this Civil Action beyond the disposition of the Ex. Parte Application previously made to the Court, filed 16 May 2025.

This motion is made pursuant to FRCP:

- Rule 19. Required Joinder of Parties
- Rule 20. Permissive Joinder of Parties
- Rule 42. Consolidation; Separate Trials

in support of my motion I will rely on the attached brief.

By:

Dated: 23 May 2025

Edward J. Mierzwa, Plaintiff

Edward J. Mierzwa · Plaintiff, Pro Se
11 Brook Street · Hackensack, NJ 07601-1509
Tel: (201) 342-4840

UNITED STATES DISTRICT COURT · DISTRICT OF NJ

| | |
|---|---|
| Edward J. Mierzwa,<br><br>Plaintiff,<br><br>vs.<br><br>State of New Jersey,<br>City of Hackensack,<br><br>Defendant(s), | Civil Action No.<br><br>**Letter Brief**<br><br>in Support of Motion to Continue |

2025 MAY 27 P 2: 01
U.S. DISTRICT COURT DISTRICT OF NEW JERSEY RECEIVED

This motion is made pursuant to FRCP:

- Rule 19. Required Joinder of Parties
- Rule 20. Permissive Joinder of Parties
- Rule 42. Consolidation; Separate Trials

Within the Appendix, filed with the Court on 16 May 2025, is a Tort Claim Notice regarding the City of Hackensack, New Jersey [10a]; said notice references actionable Tort Claims that have been filed in the recent past [18a thru 24a]. It is the intent of the Plaintiff to consolidate all the infringements into one big beautiful civil action.

The interplay between the State of New Jersey, the County of Bergen in New Jersey and the City of Hackensack, New Jersey will be fully elaborated within the pleadings based upon the Tort Claim Notices of:

| | |
|---|---|
| 27 May 2025 | Drawing attention to the Fraud Upon the Court shenanigans of the Staffers of the Superior Court of New Jersey to prevent the expedient disposition of an emergent court order on short notice |
| 08 May 2025 | Drawing attention to the shenanigans of the Police Department of the City of Hackensack, New Jersey to prevent the filing of a Police Report regarding Identity Theft; related, is the Hackensack City Clerk's refusal to accept the Tort Claim Notice submission |
| 09 July 2024 | Drawing attention to the harassment by the Department of Public Works of the City of Hackensack, New Jersey regarding the supervisor, personnel, retaliation and denial of declared city services; related, is the Hackensack City Clerk's pestering regarding the Tort Claim Notice submission |
| 30 January 2024 | Drawing attention to the shenanigans of the County Clerk and Board of Elections of the County of Bergen, New Jersey for engaging in acts of Deprivation of Civil Rights with regard to voting in a General Election |
| 19 March 2022 | Drawing attention to the Fraud Upon the Court |

| | |
|---|---|
| | shenanigans of Staff & Court Officers of the Superior Court of New Jersey. |
| 14 May 2021 | Drawing attention to the shenanigans of the Hackensack, New Jersey Municipal Prosecutor and personnel of the Law and Public Safety Division of the Office of the New Jersey Attorney General; related, is the Hackensack City Clerk's refusal to accept the Tort Claim Notice submission, in turn filed with the New Jersey Department of the Treasury. The "catch and release" of a perilous motor vehicle offender affecting Plaintiff was grossly mishandled, allowing the malefactor to flee abroad to China for reason of the apprehension of prosecution & imprisonment. |

It is foreseeable that upon the service of the anticipated Complaint that there would be motions filed to bifurcate the combined allegations into separate piecemeal causes of action; with a view towards filing motions to dismiss based upon the Statute of Limitations, all in bad faith. This tactical ploy would prevent the tolling of time under RICO statutes, causing a great injustice to the Plaintiff.

The unlawful systemic bias caused by state, county and local officials persists as U.S.C. 18 § 242 *and* N.J.S.A. 2C:30-2 did not ward off the repeated and intentional misconduct, all to the detriment of the Plaintiff. Upon the Discovery phase of the upcoming litigation, additional defendants will be properly identified.

It becomes evident that the dysfunctional governance of the State of New Jersey extends to the county level where personal voting rights are suppressed, in violation of 52 U.S. Code § 10101, et seq. On the General Election Day of November 2023, Plaintiff was intentionally misled by poll workers; subsequently, when the Plaintiff sought explanations regarding the debacle, the complaints fell upon the County Clerk's deaf ears. Acts of official misconduct also has its impact on the local government where the police department and municipal prosecutor demonstrated the lack of due diligence because of inadequate oversight; the cavalier demeanor even extends to base level city workers that rudely repudiated and caused unwarranted stress upon the Plaintiff.

For many reasons, the lack of personal accountability of New Jersey's state, county and local officials does impose a negative rate of return upon the investment and the trust placed upon its public officials; all the while fleecing the public with unreasonable taxes that subsidize the criminal actions. As a result, this venomous environment inflicted unwarranted emotional distress upon this Plaintiff.

In good faith, Plaintiff requests the Court to Grant the Request for Continuance of this Civil Action beyond the disposition of the Ex. Parte Application of 16 May 2025.

Respectfully submitted,

By: Edward J. Mierzwa

Dated: 23 May 2025

Edward J. Mierzwa, Plaintiff